**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MOUSEN YISAK ADEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:26-cv-01252 (UNA) |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint

("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis*, ECF No. 2.  The

Court grants the *in forma pauperis* Application, and for the reasons discussed below, dismisses

this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), by which the Court is required to dismiss an

action at any time if it determines that it is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint that lacks "an arguable basis either in

law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly

abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305,

1309 (D.C. Cir. 1981).

Plaintiff, a resident of the District of Columbia, sues the United States.  *See* Compl. at 1–

2.  The Complaint is largely, if not completely, unintelligible.  As best understood, Plaintiff

purports to be the "heir" to one or more "royal bloodlines," and an "immortal" "son of God" and

"prince priest," asks the Court to recognize his right to "govern the united states as a dual throne

as stated in ezekiel 10 of the eagle that was thorn from lion," and to ensure that "a vote be held wherein everyone puts their device number, self, identification card and fingerprint software be attained or programed . . . and send votes to allow" him to serve as "commander of the people." *See id*. at 3–5.

As here, the Court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)).  A court shall dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08.  The instant Complaint falls squarely into this category.

Accordingly, the Complaint and this case are dismissed without prejudice.  A separate Order accompanies this Memorandum Opinion.

Date:   June 12, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge